UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMBER ST. ONGE,

    Plaintiff,

v.   Case No: 8:22-cv-832-CEH-AEP

WES INDUSTRIES INC., DELOACH
INDUSTRIES INC. and ANTHONY
DELOACH,

    Defendants.
_____/

## ORDER

This cause comes before the Court upon Plaintiff's Unopposed Motion to Stay Proceedings During the Pendency of Related Criminal Proceedings (Doc. 8). The Court will grant the Unopposed Motion to Stay Proceedings.

## DISCUSSION

In this action, Amber St. Onge brings several claims against her former employers, including claims for sexual harassment and hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, retaliation under Title VII, sexual harassment and hostile work environment under the Florida Civil Rights of 1992, Fla. Stat. § 760.01 *et seq.* Doc. 1 ¶¶1, 99–215. In relevant part, she alleges that Anthony Deloach, the owner and president of Deloach Industries provided her with his "personal company debit card and later a personally issued company credit card to utilize it for various expenses." *Id.* at ¶¶17, 57. She alleges that she

received these gifts "with the implication of continued sexual favors and intercourse." *Id.* at ¶57. Mr. Deloach allegedly falsely accused St. Onge of theft and threatened to pursue legal action against her unless she paid full restitution to the company and trained a replacement. *Id.*

St. Onge now moves to stay this action, highlighting that the State Attorney for the Twelfth Judicial Circuit filed a charge for grand theft against her. Doc. 8 at 2. She provides the information for the criminal action as an exhibit (Doc. 8-1). Given the overlap between the criminal action and this action, she argues that the pendency of the criminal action warrants staying this action. *See id*. Although St. Onge indicates that "Plaintiffs do not oppose the Defendant's motion," she is the plaintiff in this action. *Id.* at 3. As such, the Court allowed fourteen days to pass to determine whether any defendants objects, but no defendant has responded in opposition. As such, the Unopposed Motion to Stay Proceedings is "subject to treatment as unopposed." Local R. M.D. Fla. 3.01(c).

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 707 (1997). Indeed, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The determination of whether to impose a stay "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254–55. The party seeking the stay "must make out a clear case of hardship or inequity in being

2

required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Id.* at 255.

"[T]he blanket assertion of the privilege against self-incrimination is an inadequate basis for the issuance of a stay." *S.E.C. v. Wright*, 261 F. App'x 259, 263 (11th Cir. 2008). A court must stay a civil action pending the resolution of a related criminal action where "special circumstances so require in the interests of justice," *United States v. Lot 5, Fox Grove, Alachua Cnty.*, 23 F.3d 359, 364 (11th Cir. 1994) (internal quotation marks omitted), which occurs when "the invocation of the privilege must result in an adverse judgment, not merely the loss of [the criminal defendant's] most effective defense," *United States v. Premises Located at Route 13*, 946 F.2d 749, 756 (11th Cir. 1991) (internal quotation marks omitted). Even so, "district courts are vested with substantial discretion to stay civil proceedings in the face of a parallel criminal action where the interests of justice favor doing so." *Doe 1 v. City of Demopolis*, No. 09-0329-WS-N, 2009 WL 2059311, at *2 (S.D. Ala. July 10, 2009) (collecting cases).

Here, after weighing relevant considerations, the Court will exercise its broad discretion to impose a stay of limited duration. St. Onge points out that the instant action and criminal action share nearly identical facts, circumstances, and allegations—the use of the debit card and credit card were integral in Deloach's exercise of control over her, and his legitimate, non-discriminatory basis for termination was the alleged theft through use of the debit and credit cards. *Id.* She also highlights that she intends to invoke the Fifth Amendment. *Id.* at 3. She explains that she is unlikely to survive summary judgment on Counts I through IV because she will

not be able to testify to some of the allegations surrounding the alleged quid pro quo sexual harassment or to Deloach's articulated non-discriminatory basis for her termination. The Court agrees. Her invocation of the Fifth Amendment right against self-incrimination may result in her inability to assert facts in support of certain claims. Staying this action will also ensure consistent judgments and conserve the resources of both the Court and counsel.

St. Onge does not request a specific duration for the stay. The Court must ensure that the stay is not indefinite, but narrowly tailored to the criminal action. As such, the Court will stay this action for six months. St. Onge may ask the Court to renew the stay, if necessary. To further ensure the moderation of the stay, the Court will order St. Onge to file status reports of the criminal action.

Accordingly, it is **ORDERED**:

1. Plaintiff's Unopposed Motion to Stay Proceedings During the Pendency of Related Criminal Proceedings (Doc. 8) is **GRANTED**.
2. This action is **STAYED** until February 4, 2023.
3. St. Onge must file a status report on the first business day of November 2022 and February 2023, which must advise of the status of the criminal action.
4. The Clerk is directed to **ADMINISTRATIVELY CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida on August 4, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any